1  KAI-CHING CHA, Bar No. 218738zzmpShiftReturnkcha@littler.comzzmpShift
2  ReturnCOURTNEY M. OSBORN, Bar No. 312011zzmpShiftReturncosborn@littler.com
3  LITTLER MENDELSON, P.C.
   333 Bush Street, 34th Floor
4  San Francisco, California  94104
   Telephone:   415.433.1940
5  Facsimile:   415.399.8490

6  Attorneys for Defendants
   ULTA, INC., ULTA SALON, COSMETICS, &
7  FRAGRANCE, INC., ULTA BEAUTY
   COSMETICS, LLC

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  CARLY BUNTIN,                    Case No.  4:18-cv-06969-DMR

12              Plaintiff,           **DEFENDANTS' NOTICE OF MOTION
                                     AND MOTION TO DISMISS AND STRIKE
13        v.                         PLAINTIFF'S COMPLAINT;
                                     MEMORANDUM OF POINTS AND
14  ULTA, INC., a Delaware Corporation, AUTHORITIES IN SUPPORT OF
    ULTA SALON, COSMETICS, &         DEFENDANTS' MOTION TO DISMISS
15  FRAGRANCE, INC., a Delaware      AND STRIKE PLAINTIFF'S COMPLAINT**
    Corporation, ULTA BEAUTY
16  COSMETICS, LLC., a Florida Limited **[Fed. R. Civ. Proc. 12(b)(6) and 12(f)]**
    Liability Company, Does 1-20, inclusive,
17                                   Date:   January 10, 2019
                Defendants.         Time: 9:00 a.m.
18                                   Judge: General Duty Judge [unassigned]

19

20                                   Complaint Filed:  October 10, 2018
                                     Trial Date:  None Set
21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

CASE NO.  4:18-CV-06969-DMR

**TO PLAINTIFF CARLY BUNTIN AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 10, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court located at 280 South 1st Street, San Jose, CA 95113, Courtroom 3, 5th floor, Defendants ULTA, INC., ULTA SALON, COSMETICS, & FRAGRANCE, INC., and ULTA BEAUTY COSMETICS, LLC will and hereby does move the Court for an order to dismiss Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC entirely from the action, to dismiss each and every cause of action alleged in Plaintiff's complaint ("Complaint") without leave to amend, and to strike Plaintiff's claim for failure to remedy claims of discrimination.

Specifically, Defendants move the Court to dismiss Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC from this action as Plaintiff fails to allege any facts demonstrating that Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC employed Plaintiff; that Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC are the alter-egos of each other and Defendant Ulta Salon, Cosmetics & Fragrance, Inc.; or that Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC are the agents and employees of their co-defendants.

Defendants further move the Court to dismiss all Plaintiff's claims alleged in her Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiff fails to allege facts sufficient to meet the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants further move the Court to strike Plaintiff's claim for failure to remedy claims of discrimination because Plaintiff seeks relief that is not recoverable as a matter of law.

This Motion is based upon this Notice, the concurrently-filed Memorandum of Points and Authorities, the supporting pleadings, records and files in this action, and on such oral argument that the Court may permit.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS AND STRIKE, MPA ISO

1.

CASE NO. 4:18-CV-06969-DMR

1    Dated:  November 23, 2018

2

3                      */s/ Courtney M. Osborn*
                     KAI-CHING CHA

4                      COURTNEY M. OSBORN
                     LITTLER MENDELSON, P.C.

5

6                      Attorneys for Defendants
                     ULTA, INC., ULTA SALON, COSMETICS,
                     & FRAGRANCE, INC., ULTA BEAUTY

7                      COSMETICS, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

2.

CASE NO.  4:18-CV-06969-DMR

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ........................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................. 2

    A.   Plaintiff's Causes of Action. ............................................................. 2

    B.   The Allegations In Plaintiff's Complaint Are Not Sufficient To Support Her Claims. 2

III. LEGAL ARGUMENT .................................................................................... 5

    A.   Standard For A Rule 12(b)(6) Motion. ............................................. 5

    B.   Plaintiff Has Failed To Show That This Court Has Cause To Pursue Claims Against Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC. ............................................. 6

        1.   Plaintiff Fails To Allege Any Facts Establishing She Was An Employee Of Defendants. .................................................................. 7

        2.   Plaintiff Fails To Allege Any Facts In Support Of Alter-Ego Liability. ........... 8

        3.   Plaintiff Fails To Plead Any Facts To Establish Agency. ................................. 9

    C.   Plaintiff Has Not Pled Facts Sufficient to State A Claim Under Any Alleged Cause of Action. ........................................................................................ 10

        1.   Plaintiff's Cause of Action For Wrongful Constructive Termination Fails To State A Claim Upon Which Relief Can Be Granted. ....................................... 10

        2.   Plaintiff's Cause of Action For Sex Discrimination In Violation Of FEHA Fails To State A Claim Upon Which Relief Can Be Granted. ........................ 13

        3.   Plaintiff's Claims For Retaliation In Violation Of FEHA Fails As A Matter Of Law. ................................................................................ 15

        4.   Plaintiff's Claim For Failure To Investigation In Violation Of FEHA Fails As A Matter Of Law. ...................................................................... 16

        5.   Plaintiff's Claim For Violation Of The Pregnancy Disability Leave Act Fails As A Matter Of Law. ........................................................... 17

IV. Motion to STrike ....................................................................................... 17

    A.   Applicable Standard For A Rule 12(f) Motion To Strike. ............................. 17

    B.   The Court Should Strike Portions Of Plaintiff's Failure To Investigate And/Or Remedy Claims Of Discrimination And/Or Harassment. ............................. 18

V.  CONCLUSION ............................................................................................ 18

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

i.

CASE NO.  4:18-CV-06969-DMR

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Pacific Bell,*
212 F. Supp.2d 1180 (C.D. Cal. 2002) ........................................................................7

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..........................................................................1, 6, 10, 11

*Associated General Contractors of California, Inc. v. California State Council of
Carpenters,*
459 U.S. 519 (1983)........................................................................................6

*AT&T v. Compagnie Bruxelles Lambert,*
94 F.3d 586 (9th Cir. 1996) ...........................................................................8

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1988) .........................................................................6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 550 (2007)........................................................................................6

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)........................................................................................1

*Cellini v. Harcourt Brace, Co.,*
51 F.Supp.2d 1028 (S.D. Cal. 1999)..............................................................8

*Chen v. Domino's Pizza, Inc.,*
2009 W.L. 337 9946 (D. N.J. 2009) ..............................................................8

*Coleman v. Quaker Oats Co.,*
232 F.3d 1271 (9th Cir. 2000) ......................................................................14

*Crady v. Liberty Nat'l Bank & Trust Co.,*
993 F.2d 132 (7th Cir. 1993) ........................................................................13

*Cronk v. Reckitt Benckiser Pharmaceuticals, Inc.,*
2013 WL 4532036 (N.D. Cal. 2013) ............................................................12

*Cusack v. Idaho Dep't of Corr.,*
2012 WL 506008 (D. Idaho Feb. 15, 2012).....................................................5

*Dezham v. Macy's West Stores, Inc.,*
2015 WL 46201 (C.D. Cal. 2015)................................................................10

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

ii.

CASE NO. 4:18-CV-06969-DMR

*Dickson v. Burke Williams, Inc.*,
   234 Cal. App. 4th 1307 (2015) ........................................................................16

*Etter v. Veriflo Corp.*,
   67 Cal.App.4th 457 (1998) ............................................................................11

*Faust v. California Portland Cement Co.*,
   150 Cal. App. 4th 864 (2007) ........................................................................13

*Gaines v. SBC Communications, Inc.*,
   2006 WL 548032 (E.D. Cal. 2006)................................................................15

*Garamendi v. Golden Eagle Ins. Co.*,
   128 Cal. App. 4th 452 (2005) ........................................................................11

*Graves v. Pau Hana Group, LLC*,
   2013 WL 600098 (E.D.Cal. 2013) ................................................................17

*Guthrey v. State of California*,
   63 Cal. App. 4th 1108 (1998) ........................................................................14

*Guz v. Bechtel*,
   24 Cal. 4th 317 (2000) ..................................................................................13

*Hands v. Advanced Critical Care-Los Angeles, Inc.*,
   2015 WL 114185 (C.D.Cal. 2015).................................................................17

*Hardage v. CBS Broad, Inc.*,
   427 F.3d 1177 (9th Cir. 2005) .......................................................................11

*Hokama v. E.F. Hutton & Co.*,
   566 F.Supp. 636 (C.D. Cal. 1983) ...................................................................9

*Horsford v. Board of Trustees of California State University*,
   132 Cal. App. 4th 359 (2005) ........................................................................13

*Incorp Services, Inc. v. IncSmart.biz, Inc*,
   2013 WL 394023 (N.D. Cal. 2013) ...............................................................10

*King v. United Parcel Service, Inc.*,
   152 Cal. App. 4th 426 (2007) ........................................................................13

*Laird v. Capital Cities/ABC, Inc.*,
   68 Cal. App. 4th 727 (1998) ....................................................................7, 10

*Lemus v. Thanh BBQ & Noodle, Inc.*,
   2018 WL 3368556 (N.D. Cal. 2018) .............................................................18

*Loggins v. Kaiser Permanente Int'l*,
   151 Cal. App. 4th 1102 (2007) ......................................................................16

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

iii.

CASE NO.  4:18-CV-06969-DMR

*Lopez v. Wendy's Int'l, Inc.*,
   2011 2011 WL 6967932 (C.D. Cal. Sept. 19, 2011) ...................................................5

*Marques v. Bank of America*,
   59 F.Supp.2d 1005 (N.D. Cal. 1999) ..............................................................14, 15

*Mayfield v. Trevors Store, Inc.*,
   2004 WL 2806175 (N.D. Cal. 2004) .................................................................18

*McBain v. Behr Paint Corporation*,
   2017 WL 1208074 (N.D. Cal. 2017) .................................................................10

*Merrick v. Farmers Ins. Group*
   892 F.2d 1434 (9th Cir. 1990) .......................................................................14

*MicroTechnologies, LLC v. Autonomy, Inc.*
   2018 WL 4538782 (N.D. Cal. 2018) ...................................................................6

*Estate of Migliaccio v. Midland Life Ins. Co.*,
   436 F. Supp. 2d 1095 (C.D. Cal. 2006) .............................................................17

*Montero v. AGCO Corp.*,
   192 F.3d 856 (9th Cir. 1999) ........................................................................12

*Morgan v. Safeway Stores, Inc.*,
   884 F.2d 1211 (9th Cir. 1989) ........................................................................7

*Musawwir v. California*,
   2018 WL 4110508 (N.D. Cal. 2018) ...................................................................6

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .........................................................................5

*Neilson v. Union Bank of California, N.A.*,
   290 F.Supp.2d 1101 (C.D. Cal. 2003) .................................................................9

*Nesbit v. Pepsico, Inc.*,
   994 F.2d 703 (9th Cir.1993) .........................................................................15

*Nidds v. Schindler Elevator Corp.*,
   113 F.3d 912 (9th Cir. 1996) ........................................................................15

*Nordberg v. Trilegiant Corp.*,
   445 F.Supp.2d 1082 (N.D. Cal. 2006) .................................................................9

*Pacific Can Co. v. Hewes*,
   95 F.2d 42 (9th Cir.1938) ...........................................................................10

*Quinteros v. Sparkle Cleaning, Inc.*,
   532 F. Supp. 2d 762 (D. Md. 2008) ...................................................................8

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

iv.

CASE NO.  4:18-CV-06969-DMR

*Rhodes v. Sutter Health*,
    949 F.Supp.2d 997 (E.D. Cal 2013)...............................................................................7

*Rivas v. California Franchise Tax Board*,
    619 F. Supp. 2d 994 (E. D. Cal. 2008)...........................................................................6

*Schnidrig v. Columbia Mach., Inc.*,
    80 F.3d 1406 (9th Cir.1996) ...........................................................................................15

*SEC v. Sands*,
    902 F. Supp. 1149 (C. D. Cal. 1995) ..............................................................................18

*Sideny-Vinesein v. A.H. Robins. Co.*,
    697 F. 2d 880 (9th Cir. 1983) .........................................................................................18

*Simers v. Los Angeles Times Communications, LLC*,
    18 Cal.App.5th 1248, 1273-75 (2018) ...........................................................................11

*Sonora Diamond Corp. v. Superior Court*,
    83 Cal. App. 4th 523 (2000) ...........................................................................................8

*Soriano v. Countrywide Home Loans, Inc.*,
    2011 WL 1362077 (N.D. Cal. 2011) ..............................................................................10

*Spaziano v. Lucky Stores, Inc.*,
    69 Cal.App.4th 106 (1999) .............................................................................................17

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ..........................................................................................6

*Steiner v. Showboat Operating Co.*,
    25 F.3d 1459 (9th Cir. 1994) ..........................................................................................12

*Thompson v. City of Monrovia*,
    186 Cal. App. 4th 860 (2010) .........................................................................................16

*Thompson v. Tracor Flight Systems, Inc.*,
    86 Cal.App.4th 1156 (2001) ...........................................................................................11

*Torres v. City of Oakland*,
    2017 WL 4005467 (N.D.Cal 2017) ................................................................................14

*Tritchler v. County of Lake*,
    358 F.3d 1150 (9th Cir.2003) .........................................................................................16

*Turner v. Anheuser-Busch*,
    7 Cal. 4th 1238 (1994) ....................................................................................................11

*Wilborn v. Ashcroft*,
    222 F.Supp.2d 1192 (S.D. Cal. 2002) ............................................................................14

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

v.

CASE NO.  4:18-CV-06969-DMR

**Statutes**

Cal. Gov. Code § 12940 .................................................................................................17

Cal. Gov. Code § 12940(a) ............................................................................................13

Cal. Gov. Code § 12940(j)(1) ........................................................................................18

Cal. Gov. Code § 12940(k) ............................................................................................16

Cal. Gov. Code § 12945 .................................................................................................17

Cal. Govt. Code §12945(a) ............................................................................................17

California Fair Employment and Housing Act ........................................................ *passim*

California Pregnancy Disability Leave Act ...................................................................1, 2

Pregnancy Disability Leave Act .....................................................................................17

**Other Authorities**

Federal Rule of Civil Procedure 8 ...................................................................................1

Federal Rule of Civil Procedure 8(a)(2) .......................................................................5, 6

Federal Rule of Civil Procedure 12(b)(6) ...................................................................5, 12

Federal Rule of Civil Procedure 12(f) ...........................................................................17

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

vi.

CASE NO.  4:18-CV-06969-DMR

1

## I.   INTRODUCTION

2

In this action, Plaintiff Carly Buntin ("Plaintiff") has brought a variety of

3

discrimination, retaliation and constructive termination claims against Defendants Ulta, Inc., Ulta

4

Salon, Cosmetics & Fragrance, Inc. and Ulta Beauty Cosmetics, LLC (collectively, "Defendants").

5

However, despite naming three separate corporate entities as defendants, Plaintiff fails to allege any

6

facts demonstrating that: (1) Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC employed

7

Plaintiff; (2) Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC are the alter-egos of each other

8

and Defendant Ulta Salon, Cosmetics & Fragrance, Inc.; or (3) Defendants Ulta, Inc. and Ulta

9

Beauty Cosmetics, LLC are the agents and employees of their co-defendants.  As a result, this Court

10

should dismiss Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC.

11

Plaintiff's discrimination, retaliation and constructive termination claims also fail

12

because they are premised on a single overheard telephone conversation, which occurred after

13

Plaintiff returned to work from maternity leave.   This conversation was between Plaintiff's

14

supervisor and one of Plaintiff' co-workers, and the speakers referred to Plaintiff as a "tyrant" and

15

speculated that she was suffering from post-partum depression.   Following this conversation,

16

Plaintiff complained to her supervisor and to Human Resources.  While Defendants allegedly offered

17

to transfer Plaintiff to another store, there was no actual transfer.  No further remarks were made,

18

and Plaintiff's supervisory duties, workload and compensation did not change.   When Plaintiff

19

allegedly made it clear to management that management was not providing any assurances of

20

improvement, and she felt she would have to resign, management told Plaintiff she should resign.

21

Although the standard for pleading under Federal Rule of Civil Procedure Rule 8 is

22

not high, Plaintiff has failed to state any plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S.

23

662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Plaintiff's allegations as

24

pled, fail to support a claim of constructive termination.   And without any adverse employment

25

action, her claims of discrimination based on sex and retaliation fail to state a claim upon which

26

relief can be granted.  Without viable claims of discrimination or retaliation, Plaintiff's derivative

27

cause of action for failure to investigate also fails.  Finally, Plaintiff's claim for violation of the

28

California Pregnancy Disability Leave Act fails as pled.  Consequently, Defendants request this

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

1.

CASE NO.  4:18-CV-06969-DMR

1    Court enter an order dismissing Ulta, Inc. and Ulta Beauty Cosmetics, LLC, and dismissing each and

2    every cause of action for failure to state a claim on which relief can be granted.

3          Defendants also move to strike Plaintiff's claim for failure to remedy claims of

4    discrimination because Plaintiff seeks relief that is not recoverable as a matter of law.

5    **II.    STATEMENT OF FACTS**

6          **A.    Plaintiff's Causes of Action.**

7          In her Complaint, Plaintiff alleges five cause of action: (1) discrimination on the basis

8    of sex in violation of the California Fair Employment and Housing Act ("FEHA"); (2) retaliation in

9    violation of the FEHA for taking pregnancy disability leave; (3) violation of the California

10   Pregnancy Disability Leave Act; (4) failure to investigate and/or remedy claims of discrimination

11   and/or harassment in violation of FEHA; and (5) wrongful constructive termination in violation of

12   public policy. *See* Dkt. No. 1-1, Declaration of Kai-Ching Cha iso of Defendants' Removal from

13   State Court to Federal Court, Exh. A (Plaintiff's Complaint) (hereinafter "Cmplt.").

14         **B.    The Allegations In Plaintiff's Complaint Are Not Sufficient To Support Her
             Claims.**

15         In support of all of her claims, Plaintiff alleges the following:

16   - "She worked as a General Manager for Ulta Beauty's retail store in Dublin,

17      California ... since approximately June, 2016."  Complaint ("Cmplt.") ¶ 12.

18   - "[A]round February, 2017, [Plaintiff] took maternity leave for the birth of her

19      child.  She returned [around] May 30, 2017."  Cmplt. ¶ 13.

20   - "[Around] July 13, 2017, [Plaintiff] had to step away from a conference call

21      with her superior and a number of her fellow General Managers.  When she

22      returned, the call had ended but her superior and one of the general managers

23      were still talking.  [Plaintiff] ... realized they were discussing her.  There was

24      reference to [Plaintiff] being a 'tyrant' before her leave and ... there was

25      speculation as to whether she was ... suffering from post-partum depression,

26      since returning from maternity leave."  Cmplt. ¶ 14.

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

2.

CASE NO.  4:18-CV-06969-DMR

- "[Plaintiff] complained about the call to the supervisor involved, who attempted to 'brush off' the matter, and further told [Plaintiff] that she 'took something entirely different from the call.'" Cmplt. ¶ 15.

- "Later that day, [Plaintiff] had an in-person meeting with her supervisor, in which she again made clear she had been offended by what was said during the call.   Rather than take any appropriate remedial measures ..., the supervisor ... instructed [Plaintiff] not to talk to anyone else about the incident." Cmplt. ¶ 16.

- "There were subsequent communications between [Plaintiff] and her supervisor regarding the work-related issues discussed during the call, but to [Plaintiff's] knowledge, no further actions were taken regarding the discriminatory comments." Cmplt. ¶ 17.

- "...[Plaintiff] escalated her complaint to Human Resources, making clear what had transpired, that her supervisor was ignoring it, that she now felt she was concerned about her working relationship with her supervisor going forward, that she and her supervisor had a meeting coming up, and ... she did not 'trust' her supervisor." Cmplt. ¶ 18.

- "...Human Resources personnel instructed [Plaintiff] to contact her supervisor's supervisor.  [Plaintiff] was ... concerned because she knew these individuals to be friends with her supervisor.  [Plaintiff] continued to try to communicate with Human Resources, but was again told to talk to her supervisor's supervisor." Cmplt. ¶ 19.

- "[Plaintiff] thereafter had [a] ... call with the supervisor's supervisor.  During this call, [Plaintiff] was offered no assurances that any remedial action had been taken or would be taken, and instead, the only 'solution' she was offered was a transfer to another store.  By reviewing a posting of open positions, [Plaintiff] was able to determine that such transfer would necessitate her traveling to a distant location, and would require actual relocation of her home

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

3.

CASE NO.  4:18-CV-06969-DMR

and ... family.  [Plaintiff] expressed these concerns but no alternatives were proffered."  Cmplt. ¶ 20.

- Plaintiff "made clear that as things stood, management was simply not presenting her with any viable solutions or any assurances of an improved [sic], ... she felt she would have to resign.  Rather than assure her much less take action, management told [Plaintiff] she should resign.  Plaintiff did so."  Cmplt. ¶ 21.

- "Plaintiff is informed and believes ... that during this time, an investigation was conducted which confirmed the discriminatory comments had in fact been made.  However, Plaintiff was not informed of any such investigation, its results, or any remedial measures until after her employment was over."  Cmplt. ¶ 22.

Plaintiff has filed suit against three different corporations, Ulta, Inc., a Delaware corporation, Ulta Salon, Cosmetics & Fragrance, Inc., a Delaware corporation, and Ulta Beauty, Cosmetics, LLC, a Florida limited liability company.  In order to establish her employment relationship with Defendants, Plaintiff alleges:

- "Plaintiff is informed and believes, and thereon alleges that Defendants ULTA, INC., ULTA SALON, COSMETICS & FRAGRANCE, INC.; ULTA BEAUTY COSMETICS, LLC. ... (hereinafter "Defendants," "Ulta," or "Ulta Beauty") were, at all times material to this Complaint, the employer of the Plaintiff and were doing business in Dublin, California.  Cmplt. ¶ 2.

- "Plaintiff is informed and believes and thereon alleges that Ulta Beauty, was, at all times material to this Complaint, the employer of the Plaintiff and was doing business in the County of Alameda, California.  Cmplt. ¶ 3.

- "Plaintiff is informed and believes and thereon alleges there exists and, at all times relevant to this complaint, existed a unity of interests between Defendants and/or Does 1-20 such that any individuality and separateness between Defendants and/or Does 1-20 has ceased, and Defendants and/or

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

4.

CASE NO.  4:18-CV-06969-DMR

Does 1-20 are the alter ego of the Defendants and/or Does 1-20 and exerted control over each other.  Adherence to the fiction of the separate existence of Defendants and/or Does 1-20 as an entity distinct from other certain Defendants and/or Does 1-20 will permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice." Cmplt. ¶ 4.

- "Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendants and/or Does 1-20 were the agents and employees of their co-Defendants and/or Does 1-20, and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants and/or Does 1-20." Cmplt. ¶ 6.

- "Plaintiff performed a substantial amount of her labors for Defendants and/or Does 1-20 in Dublin, California."  Cmplt. ¶ 8.

- "At all relevant time periods herein, Plaintiff was an employee of Defendants and/or Does 1-20 herein.  She worked as a General Manager for Ulta Beauty's retail store in Dublin, California.  She had been employed by Defendant and/or Does 1-20 since approximately June, 2016." Cmplt. ¶ 12.

## III.  LEGAL ARGUMENT

### A.  Standard For A Rule 12(b)(6) Motion.

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In other words, "[a] Rule 12(b)(6) motion to dismiss tests the threshold sufficiency of a plaintiff's claim for relief." *Cusack v. Idaho Dep't of Corr.*, 2012 WL 506008, *2 (D. Idaho Feb. 15, 2012). *See also Lopez v. Wendy's Int'l, Inc.*, 2011 2011 WL 6967932, *1 (C.D. Cal. Sept. 19, 2011).  Although Federal Rule of Civil Procedure 8(a)(2) only requires a plaintiff to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," to survive a motion to dismiss, a plaintiff's statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS AND STRIKE, MPA ISO

5.

CASE NO.  4:18-CV-06969-DMR

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 550, 570 (2007).

"In deciding whether to grant a motion to dismiss, the court 'accepts[s] all factual allegations of the complaint as true and draw[s] all reasonable inferences' in the light most favorable to the nonmoving party." *Rivas v. California Franchise Tax Board*, 619 F. Supp. 2d 994, 998 (E. D. Cal. 2008). But, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Musawwir v. California*, 2018 WL 4110508, *2 (N.D. Cal. 2018). The Court should disregard legal conclusions, even when cast or phrased as factual assertions. *Iqbal*, 556 U.S. 681. And, the Court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Importantly, "Rule 8(a)(2) . . . requires a [factual] 'showing,' rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (overruled, in part, on other grounds). *See also MicroTechnologies, LLC v. Autonomy, Inc.* 2018 WL 4538782, *5 (N.D. Cal. 2018). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 555 n.3.

**B.     Plaintiff Has Failed To Show That This Court Has Cause To Pursue Claims Against Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC.**

In the Complaint, Plaintiff alleges that Defendants Ulta, Inc., Ulta Salon, Cosmetics & Fragrance, Inc. and Ulta Beauty Cosmetics, LLC can each be held liable for every Cause of Action because: (1) they were each Plaintiff's employer; (2) because they were each the alter ego of the other; and (3) because they were each the agents and employees of their co-defendants. Cmplt. ¶¶ 2-4, 6, 8, 12. As will be discussed below, each of these theories fail and Ulta, Inc. and Ulta Beauty Cosmetics, LLC should be dismissed from this action.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

6.

CASE NO.  4:18-CV-06969-DMR

1.    **Plaintiff Fails To Allege Any Facts Establishing She Was An Employee Of Defendants.**

Plaintiff alleges multiple times that she was "an employee of Defendants", without asserting any factual basis to establish that she had an employment relationship with either Ulta, Inc. or Ulta Beauty Cosmetics, LLC.  Cmplt. ¶¶ 2, 3, 8, 12.  Plaintiff alleges that:

> … Defendants ULTA, INC., ULTA SALON, COMETICS & FRAGANCE, INC., ULTA BEAUTY COSMETICS, LLC, and/or Does 1-20 … were, at all times material to this Complaint, the employer of the Plaintiff….

Cmplt. ¶ 2.

In determining whether a related corporate entity was the employer of a plaintiff, the courts have adopted the "single employer" test, in which a separate legal entity cannot be held liable with another corporate entity in the absence of evidence showing: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control beyond that found in a normal relationship between a parent and a subsidiary or between related entities.  *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998) (applying the "integrated enterprise" test—a test derived from federal labor case law—to determine whether a parent and subsidiary corporation could be held liable as a single employer in a discrimination suit).  *See also Rhodes v. Sutter Health*, 949 F.Supp.2d 997, 1006-07 (E.D. Cal 2013).  Although no single factor is determinative, common ownership or control alone is never enough to establish parent corporation liability for the acts of its subsidiary corporation.  *Laird,* 68 Cal.App.4th at 738.  The plaintiff must prove that the parent corporation "control[s] the day-to-day employment decisions of the subsidiary."  *Laird*, 68 Cal.App.4th at 738.  *See also Allen v. Pacific Bell*, 212 F. Supp.2d 1180, 1200 (C.D. Cal. 2002) (*citing Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737-739 (1998)) (court held that a parent corporation of an employer was not a proper defendant in an employment discrimination case because it did not exercise day-to-day control over the subsidiary's employment decisions); *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1213-14 (9th Cir. 1989) (court explained that the same standards set forth in *Laird* apply under Title VII for

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS AND STRIKE, MPA ISO

7.

CASE NO.  4:18-CV-06969-DMR

purposes of determining whether a parent company is a proper party when the former employee worked for the subsidiary).

Simply stating the Defendants were "the employer of the Plaintiff" as Plaintiff alleges in Paragraph 2 and 3 of the Complaint, is conclusory and inadequate to establish that an employment relationship existed between Plaintiff and with respect to each of the three Defendants. The Complaint does not contain a single fact supporting any element necessary to establish that Ulta, Inc. and Ulta Beauty Cosmetics, LLC have exercised control over Ulta Salon, Cosmetics & Fragrance, Inc., to a degree necessary to establish an employment relationship. *Chen v. Domino's Pizza, Inc.*, 2009 W.L. 337 9946, *4 (D. N.J. 2009) (mere allegation that defendants were "employers" was insufficient to show an employment relationship); *Quinteros v. Sparkle Cleaning, Inc*., 532 F. Supp. 2d 762, 775-76 (D. Md. 2008) (granting defendant's motion to dismiss where plaintiff did not allege that defendant had the power to hire or fire him and control wages and working conditions). *See also Cellini v. Harcourt Brace, Co.,* 51 F.Supp.2d 1028, 1035 (S.D. Cal. 1999) (parent corporation dismissed from lawsuit when plaintiffs could not set forth facts other than employing company was the subsidiary of the parent corporation). Accordingly, because the Complaint is devoid of specific facts establishing an employment relationship between Plaintiff and Ulta, Inc. or Ulta Beauty Cosmetics, LLC, these defendants should be dismissed from this action.

### 2. Plaintiff Fails To Allege Any Facts In Support Of Alter-Ego Liability.

Likewise, Plaintiff's conclusory statements that Ulta, Inc., Ulta Salon, Cosmetics & Fragrance, Inc. and Ulta Beauty Cosmetics, LLC were all alter egos of each other – without any factual support – are insufficient to state a cause of action against Ulta, Inc. and Ulta Beauty Cosmetics, LLC. Piercing the corporate veil to find alter ego liability is an extraordinary remedy. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 539 (2000) ("alter ego is an extreme remedy, sparingly used"). To pierce the corporate veil, a plaintiff must establish that (1) there is such unity of interest and ownership that the separate personalities of the two entities no longer exist; and (2) failure to disregard their separate identities would result in fraud or injustice. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996). Conclusory allegations

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

8.

CASE NO.  4:18-CV-06969-DMR

1  of control are insufficient to state a claim for alter ego liability or piercing the corporate veil.

2  *Nordberg v. Trilegiant Corp.*, 445 F.Supp.2d 1082, 1102 (N.D. Cal. 2006).

3           Here, Plaintiff alleges that:

4           ... at all times relevant to this complaint, existed a unit of interest between

5           Defendants ... such that any individuality and separateness between

6           Defendants ... has ceased, and Defendants ... are the alter ego of the

7           Defendants ... and exerted control over each other.  Adherence to the fiction of

8           the separate existence of Defendants ... as an entity distinct from other certain

9           Defendants will permit an abuse of the corporate privilege and would sanction

10           fraud and/or promote injustice.

11  Cmplt. ¶ 4.  These conclusory allegations, merely stating there is alter ego liability, are insufficient

12  to support causes of action against Ulta, Inc. and Ulta Beauty Cosmetics, LLC.  *Neilson v. Union*

13  *Bank of California, N.A.*, 290 F.Supp.2d 1101, 1116 (C.D. Cal. 2003) (citing, *inter alia*, *Wady v.*

14  *Provident Life & Accident Ins. Co. of America*, 216 F.Supp.2d 1060, 1067 (C.D. Cal. 2002));

15  *Hokama v. E.F. Hutton & Co.*, 566 F.Supp. 636, 647 (C.D. Cal. 1983) (plaintiff failed to state claim

16  against individual defendant when complaint contained only conclusory allegations of alter ego

17  status without specifying any facts alleging elements of the doctrine).

18           The Complaint does not contain a single fact substantiating any element necessary to

19  support the notion that Ulta, Inc., Ulta Salon, Cosmetics & Fragrance, Inc. and Ulta Beauty

20  Cosmetics, LLC were alter egos of each other.  Thus, Ulta, Inc. and Ulta Beauty Cosmetics, LLC

21  should be dismissed from the action.

22           **3.**      **Plaintiff Fails To Plead Any Facts To Establish Agency.**

23           Likewise, Plaintiff's conclusory allegations that Ulta, Inc., Ulta Salon, Cosmetics &

24  Fragrance, Inc. and Ulta Beauty Cosmetics, LLC were the "agents and employees" fails to establish

25  any agency.  Cmplt. ¶ 6.  Plaintiff alleges that:

26           …at all times mentioned in this Complaint, Defendants and/or Does 1-20

27           were the agents and employees of their co-Defendants and/or Does 1-20, and

28           in doing the things alleged in this Complaint were acting within the course

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

9.

CASE NO.  4:18-CV-06969-DMR

1    and scope of such agency and employment and acted in such a manner as to

2    ratify the conduct of their co-Defendants and/or Does 1-20.

3    Cmplt. ¶ 6.

4    "[T]o establish a parent corporation's liability for acts or omissions of its subsidiary

5    on an agency theory, a plaintiff must show more than mere representation of the parent by the

6    subsidiary in dealings with third persons. *Laird v. Capital Cities/ABC, Inc.*, 68 Cal.App.4th 727,

7    741 (1998). *See also Dezham v. Macy's West Stores, Inc.*, 2015 WL 46201, *16 (C.D. Cal. 2015). It

8    requires a showing that the parent so controls the subsidiary that it becomes merely the

9    instrumentality of the parent. *Pacific Can Co. v. Hewes*, 95 F.2d 42, 45–46 (9th Cir.1938); *Soriano*

10   *v. Countrywide Home Loans, Inc.*, 2011 WL 1362077, *10 (N.D. Cal. 2011). *See also McBain v.*

11   *Behr Paint Corporation*, 2017 WL 1208074, *5 (N.D. Cal. 2017) (plaintiff failed to plead facts

12   supporting an ostensible agency relationship with parent company where plaintiff did not allege

13   employer wore parent company uniforms, received paystubs from parent company, applied for

14   positions through the parent company, or any facts alleging dealings with parent company).

15   Here, Plaintiff has not alleged facts sufficient to show that Ulta, Inc. and Ulta Beauty

16   Cosmetics, LLC are, or were, agents of Ulta Salon, Cosmetics & Fragrance, Inc. The Complaint

17   does not contain a single fact demonstrating that there is an agency relationship between Ulta Salon,

18   Cosmetics & Fragrance, Inc., Ulta, Inc., and Ulta Beauty Cosmetics, LLC. Without any facts

19   supporting Plaintiff's theory that Ulta Salon, Cosmetics & Fragrance, Inc. pervasively and

20   continually controls Ulta, Inc. and Ulta Beauty Cosmetics, LLC, the default under the law that

21   related corporate entities will be treated as separate legal entities must apply.

22   **C.    Plaintiff Has Not Pled Facts Sufficient to State A Claim Under Any Alleged**
     **Cause of Action.**

23

24   **1.    Plaintiff's Cause of Action For Wrongful Constructive Termination Fails**
            **To State A Claim Upon Which Relief Can Be Granted.**

25   In analyzing the plausibility of Plaintiff's claims, a court must first take "note of the

26   elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. *See also Incorp Services,*

27   *Inc. v. IncSmart.biz, Inc*, 2013 WL 394023, *3 (N.D. Cal. 2013). Then, the Court must determine

28   whether the *non-conclusory factual allegations* in the Complaint are sufficient to state such a claim.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

10.

CASE NO.  4:18-CV-06969-DMR

1  *Iqbal*, 556 U.S. at 679.  Here, Plaintiff does not plead facts sufficient to establish a cause of action

2  for wrongful constructive termination.

3          To establish a constructive termination claim, a plaintiff must prove that his or her

4  employer intentionally or knowingly permitted working conditions, which viewed objectively, "were

5  so intolerable or aggravated . . . that a reasonable employer would realize that a reasonable person in

6  the employee's position would be compelled to resign."  *Garamendi v. Golden Eagle Ins. Co.*, 128

7  Cal. App. 4th 452, 472 (2005); *Turner v. Anheuser-Busch*, 7 Cal. 4th 1238, 1246, 1251 (1994).  *See*

8  *also Hardage v. CBS Broad, Inc.*, 427 F.3d 1177, 1184 (9th Cir. 2005).  Intolerable working

9  conditions are those which either are unusually aggravated, or amount to a continuous pattern of

10  objectionable conduct.  Continuous course of harassment, uncorrected by management, can

11  constitute objectively intolerable working conditions.  *See Simers v. Los Angeles Times*

12  *Communications, LLC*, 18 Cal.App.5th 1248, 1273-75 (2018) (the evidence plaintiff cites does not

13  show an "overall campaign of harassment"); *Thompson v. Tracor Flight Systems, Inc.*, 86

14  Cal.App.4th 1156, 1171-1172 (2001) (a supervisor's continuous course of "yelling and screaming,"

15  severe verbal abuse in front of other employees, and unfair and harsh criticism and threats to fire an

16  employee, uncorrected by management, are "intolerable" working conditions); *Etter v. Veriflo Corp.*,

17  67 Cal.App.4th 457, 465 (1998).

18          Where there is no continuing pattern of employer misconduct, the circumstances

19  giving rise to the resignation must be "sufficiently extraordinary and egregious to overcome the

20  normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a

21  livelihood and to serve his or her employer."  *Turner v. Anheuser-Busch, Inc.*, 7 Cal.4th at 1246 ("In

22  order to amount to a constructive discharge, adverse working conditions must be unusually

23  'aggravated' or amount to a 'continuous pattern' before the situation will be deemed intolerable.)

24  Single or isolated acts are generally insufficient to support a constructive discharge claim. *Id.* at

25  1247.

26          Here, Plaintiff fails to plead sufficient facts suggesting that it was "intolerable or

27  aggravated" working conditions that forced her to resign.  Plaintiff alleges that she was

28  constructively terminated because ". . . of the unlawful discriminatory and retaliatory animus…"

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

11.

CASE NO.  4:18-CV-06969-DMR

based on Plaintiff's pregnancy and Plaintiff's decision to take pregnancy leave.  Cmplt. ¶ 58.  In support of her discrimination and retaliation claims, Plaintiff alleges that she overheard a conversation between her supervisor and a co-worker.  Cmplt. ¶ 14.  During this conversation there was reference to Plaintiff being a "tyrant" and speculation as to whether she was suffering from "post-partum depression."  *Id*.  Following this conversation, Plaintiff alleges she complained directly to her supervisor about the overheard comments, and then escalated her complaint about the comments to Human Resources.  Cmplt. ¶¶ 15-18.  Plaintiff further alleges that Human Resources' response to her complaint about the overheard comments was inadequate; she alleges, Human Resources did not offer her any assurances that any remedial action would be taken, she was offered a transfer to another store, she felt she was being retaliated against, she felt that should would have to resign, and in response, management told Plaintiff she should resign.  Cmplt. ¶¶ 19-21.

However, Plaintiff does not allege any actual transfer to another store that resulted in travel to a distant location or required relocation of her family, and she does not allege any change in her supervisory duties, her workload, or her compensation.  In all, Plaintiff alleges no change to her working conditions and no further comments were made regarding her pregnancy or maternity leave.

Consequently, Plaintiff's allegations, on their face, do not demonstrate "intolerable working conditions," and therefore cannot form the basis of a constructive discharge claim that could survive a Rule 12(b)(6) motion to dismiss.  *Cronk v. Reckitt Benckiser Pharmaceuticals, Inc.*, 2013 WL 4532036, *2-3 (N.D. Cal. 2013) (court dismissed plaintiff's constructive termination claim because factual allegations of negative performance reviews, unrealistic deadlines imposed, and questions regarding commitment to work and whether plaintiff wants to quit during pregnancy leave did not rise to the requisite level of coercion, and, consequently, are insufficient to state a claim for constructive termination).

Moreover, Courts require that an employee asserting a constructive termination establish that his or her working conditions were "intolerable '*at the time of* the employee's resignation.'"  *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1465 (9th Cir. 1994) (internal citation omitted) (emphasis added). *See also Montero v. AGCO Corp.*, 192 F.3d 856, 861 (9th Cir. 1999).  Indeed, a constructive discharge claim fails if the complained about behavior ceased prior to

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

12.

CASE NO.  4:18-CV-06969-DMR

the employee's resignation.  Here, the only allegedly discriminatory act was a single overheard conversation, between Plaintiff's supervisor and a co-worker.  Cmplt. ¶ 14.  After this conversation occurred, Plaintiff did not hear any additional comments regarding her pregnancy or maternity leave prior to her resignation. Therefore, the Court should dismiss Plaintiff's claim for constructive termination for failure to state a claim upon which relief can be granted.

**2. Plaintiff's Cause of Action For Sex Discrimination In Violation Of FEHA Fails To State A Claim Upon Which Relief Can Be Granted.**

Plaintiff does not plead facts sufficient to establish a cause of action for sex discrimination.  To sufficiently plead a *prima facie* case in unlawful discrimination, Plaintiff must establish that she (1) was a member of a protected class; (2) was otherwise qualified to perform her duties; (3) the employer subjected the plaintiff to an adverse employment action because of plaintiff's protected status; and (4) some other circumstance suggesting the employer's discriminatory motive. *See Faust v. California Portland Cement Co*., 150 Cal. App. 4th 864 (2007), 886; *King v. United Parcel Service, Inc*., 152 Cal. App. 4th 426 (2007), 432; *Horsford v. Board of Trustees of California State University*, 132 Cal. App. 4th 359, 373 (2005); *Guz v. Bechtel*, 24 Cal. 4th 317, 355 (2000); Cal. Gov. Code § 12940(a).  Here, Plaintiff alleges no facts alleging an adverse employment action and fails to plead sufficient facts that any alleged adverse employment action was unlawfully motivated.

Plaintiff fails to plead she suffered from an adverse employment action. To be actionable, an "adverse employment action" must materially and detrimentally affect the terms, conditions, or privileges of employment, and result in termination, loss of pay or benefits, diminished responsibilities, or similar material consequences. *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1993) (to maintain discrimination claim, a plaintiff must show "materially adverse change" in terms and conditions of employment, such as termination, loss of pay or benefits, diminished responsibilities, etc.)  In this case, Plaintiff claims she was forced to resign, and thus, was constructively terminated.  Cmplt. ¶ 21.  However, as discussed in section III(C)(1), Plaintiff fails to plead sufficient facts to establish that constructive termination.  Accordingly, the Complaint fails to contain facts necessary to establish a cause of action for discrimination.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS AND STRIKE, MPA ISO

13.

CASE NO.  4:18-CV-06969-DMR

Assuming, *arguendo*, that Plaintiff pled facts sufficient to establish an adverse employment action, Plaintiff's sex discrimination claim still fails as a matter of law because the conversation she overheard, during which she was referred to as a "tyrant" and there was speculation as to whether she suffers from post-partum depression, qualifies as a "stray remark." "Stray remarks" are "... comments uttered in an ambivalent manner or that have only an attenuated connection to the challenged employment decision, [and] are not sufficient" to create a reasonable inference of discrimination. *Wilborn v. Ashcroft*, 222 F.Supp.2d 1192, 1202 (S.D. Cal. 2002) (granting summary judgment because the decisionmaker's comments "lack[ed] any discernible nexus to the challenged employment action"). *See also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1284-85 (9th Cir. 2000); *Merrick v. Farmers Ins. Group* 892 F.2d 1434, 1438-39 (9th Cir. 1990) (stray remark insufficient to create reasonable inference of discriminatory motive); *Torres v. City of Oakland*, 2017 WL 4005467, *14 (N.D.Cal 2017).

To determine whether an alleged comment is sufficient to create an inference of discriminatory motive, or, instead constitutes a "stray remark," the courts of the Ninth Circuit "focus on four basic elements":

> (1) whether the comment is ambiguous as an indicator of discriminatory animus; (2) whether the comment is uttered by a decisionmaker (i.e., a persona responsible for one of the adverse employment decisions at issue); (3) whether the comment is related in time and subject matter to the decisional process; and (4) whether there are multiple comments or only a single statement.

*Marques v. Bank of America*, 59 F.Supp.2d 1005, 1019 (N.D. Cal. 1999).

Here, Plaintiff fails to plead facts for the first, second and fourth prong. Plaintiff alleges that during a single conversation between her superior and one of her co-workers, she was referred to as a "tyrant" and there was speculation as to whether Plaintiff suffered from "post-partum depression." Cmplt. ¶ 14. This alleged conversation is insufficient to show discriminatory animus first, because the comments, taken together are ambiguous and do not indicate discriminatory animus. Reference to Plaintiff as a "tyrant" and speculation as to whether Plaintiff suffers from "post-partum depression" are not derogatory comments based on sex. *Guthrey v. State of California*, 63 Cal. App. 4th 1108, 1124 (1998) ("[P]laintiff's lawsuit for sexual or gender-based harassment

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS AND STRIKE, MPA ISO

14.

CASE NO.  4:18-CV-06969-DMR

founded on trivial and occasional acts alleged by him, none of which are alleged to be sexual in nature and all of which are obviously gender-neutral, is frivolous."); *Gaines v. SBC Communications, Inc.*, 2006 WL 548032, *6 (E.D. Cal. 2006) (court found that plaintiff's race and age related harassment claim based on "demeaning" comments failed because plaintiff presented no evidence that any impatience expressed was motivated by Plaintiff's age and/or race and the comments attributed by plaintiff were "facially neutral in that no reference was made to any protected classification.").

Second, Plaintiff fails to plead that the comment was made by a decision maker responsible for her alleged adverse action. Cmplt. ¶¶ 14-21. *See Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir.1993) (comment by supervisor that "[w]e don't necessarily like grey hair" and comment by vice president of personnel that "[w]e don't want unpromotable fifty-year olds around" were stray remarks "uttered in an ambivalent manner ... not tied directly" to plaintiff's termination). Third, Plaintiff pleads that these alleged comments occurred only during a single conversation. *Marques v. Bank of America*, 59 F.Supp.2d at 1019. *See also Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918–19 (9th Cir. 1996) (comment by supervisor to another employee that he intended to get rid of all the "old timers" was a stray remark) (distinguishing *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1411 (9th Cir.1996) (not a stray remark where plaintiff was told three times upon asking to be considered for job that board of directors wanted somebody younger for the job)). Consequently, the facts as pled are insufficient to create a reasonable inference of discriminatory animus and the Court should dismiss Plaintiff's claim of sex discrimination because she fails to state a claim upon which relief can be granted.

### 3. Plaintiff's Claims For Retaliation In Violation Of FEHA Fails As A Matter Of Law.

Plaintiff claims she was retaliated in violation of FEHA for her pregnancy and/or for taking a pregnancy-related leave of absence. Cmplt ¶ 33. To establish a claim for retaliation in violation of FEHA, Plaintiff must show: (1) that she engaged in a protected activity; (2) that Defendant took adverse action against her; and (3) that a causal connection between the protected activity and the adverse action exists, in other words there is retaliatory animus motivating the

1    adverse employment action.  *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1109

2    (2007) (citing *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).

3           Plaintiff has failed to plead sufficient facts to support the elements for her claim of

4    retaliation in violation of FEHA.  First, as already discussed, Plaintiff's voluntary resignation under

5    the alleged circumstances, fails to rise to the level of a constructive termination.  *See supra* Section

6    III(C)(1).  Consequently, Plaintiff lacks an adverse employment action to support her claim of

7    retaliation.  Second, even if Plaintiff pled facts sufficient to establish an adverse employment action,

8    Plaintiff's allegations fail to establish the existence of any retaliatory animus that establishes a causal

9    connection between her pregnancy and her voluntary resignation.  The alleged conversation that

10   Plaintiff overheard, referring to her as a "tyrant" and speculating whether Plaintiff suffers from post-

11   partum depression, occurred only once, and qualifies as a "stray remark," which is insufficient to

12   establish discriminatory animus.  *See supra* Section III(C)(2).  Thus, Plaintiff's allegations are

13   insufficient to create a plausible claim for retaliation in violation of FEHA.

14           **4.     Plaintiff's Claim For Failure To Investigation In Violation Of FEHA
                       Fails As A Matter Of Law.**

15

16           Plaintiff alleges that "Defendants failed to take reasonable steps to investigate and/or

17   remedy claims of discrimination and/or harassment in violation of" FEHA.[1]  Cmplt. ¶ 49.  While

18   Government Code section 12940(k) provides that it is unlawful for an employer to fail to take all

19   reasonable steps necessary to prevent discrimination and harassment from occurring, this subsection

20   does not provide for a separate cause of action in the absence of any unlawful discrimination or

21   harassment.  *Dickson v. Burke Williams, Inc.*, 234 Cal. App. 4th 1307, 1315 (2015); *Thompson v.

22   City of Monrovia*, 186 Cal. App. 4th 860, 880 (2010) ("... because the statute does not create a stand-

23   alone tort, the employee has no cause of action for a failure to investigate unlawful harassment or

24   retaliation, unless actionable misconduct occurred.").  *See also Tritchler v. County of Lake*, 358 F.3d

25   1150, 1155 (9th Cir.2003) (holding the district court did not abuse its discretion in requiring a

26   finding of actual discrimination before a violation of section 12940(k) becomes actionable) (citing

27   ───────────────
     [1]  On its face, this claim lacks merit and is contradicted by Plaintiff's allegations, as Plaintiff
28   contends that "an investigation was conducted which confirmed that the discriminatory comments
     had in fact been made."  Cmplt. ¶ 22.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

16.

CASE NO.  4:18-CV-06969-DMR

*Trujillo v. North County Transit Dist.*, 63 Cal.App.4th 280, 283–84 (1998)).  Because Plaintiff failed to adequately plead and thus cannot prevail on her discrimination claim, her related claim for failure to prevent such conduct necessarily fails as a matter of law.  Thus, as Plaintiff's claim for failure to investigate in violation of FEHA is derivative of her sex discrimination claim, her failure to investigate claim fails as well.

### 5. Plaintiff's Claim For Violation Of The Pregnancy Disability Leave Act Fails As A Matter Of Law.

The Pregnancy Disability Leave Act provides that it is an unlawful practice "for an employer to refuse to allow a female employee disabled by pregnancy, childbirth or related medical conditions to take leave ..." Cal. Govt. Code §12945(a).  A violation of the Pregnancy Disability Leave Act occurs when the employer denies or interferes with the request for pregnancy disability leave. *See Hands v. Advanced Critical Care-Los Angeles, Inc.*, 2015 WL 114185, *5-6 (C.D.Cal. 2015); *Graves v. Pau Hana Group, LLC*, 2013 WL 600098, *5-8 (E.D.Cal. 2013).  Here, Plaintiff fails to allege facts sufficient to state a separate cause of action under California Government Code section 12945.  Instead, Plaintiff alleges that she was retaliated against for taking pregnancy leave. Cmplt. ¶ 41.  This claim is redundant of Plaintiff's Second Cause of Action, which alleges retaliation under California Government Code section 12940 for taking pregnancy leave, *et seq*.  Cmplt. ¶ 33.  *See Spaziano v. Lucky Stores, Inc.*, 69 Cal.App.4th 106, 111 (1999) (acknowledging the distinction between claims brought under section 12945 and those brought under section 12940).  Moreover, Plaintiff admits she was provided maternity leave from February 2017 through May 2017.  Cmplt. ¶ 13.  Accordingly, Plaintiff fails to allege a claim for violation of California Government Code section 12945.  Defendants did not deny Plaintiff's request for pregnancy leave.  Indeed, they granted it, and thus Plaintiff's Third Cause of Action must be dismissed.

## IV. MOTION TO STRIKE

### A. Applicable Standard For A Rule 12(f) Motion To Strike.

Under Federal Rule of Civil Procedure 12(f), a defendant may move to strike language that seeks relief not recoverable as a matter of law.  *Estate of Migliaccio v. Midland Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006).  "Rule 12(f) provides that a court may order

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS AND STRIKE, MPA ISO

17.

CASE NO.  4:18-CV-06969-DMR

stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." *Lemus v. Thanh BBQ & Noodle, Inc.*, 2018 WL 3368556, *1 (N.D. Cal. 2018) (internal citations omitted). The grounds for a motion to strike must appear on the face of the complaint or from matters the court may judicially notice. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C. D. Cal. 1995). The purpose of a motion to strike is to avoid expenditure of time and money that might arise from litigating spurious issues by dispensing with those issues prior to trial. *Sideny-Vinesein v. A.H. Robins. Co.*, 697 F. 2d 880, 885 (9th Cir. 1983). *See also Lemus v. Thanh BBQ & Noodle, Inc.*, 2018 WL 3368556, *1. Defendant seeks to strike portions of the Complaint because Plaintiff seeks relief that is not recoverable as a matter of law.

### B. The Court Should Strike Portions Of Plaintiff's Failure To Investigate And/Or Remedy Claims Of Discrimination And/Or Harassment.

Plaintiff pleads a claim of failure to investigate and/or remedy claims of discrimination and/or harassment in violation of FEHA. However, there is no separate cause of action for failure to remedy. Cal. Gov. Code § 12940(j)(1). *See Mayfield v. Trevors Store, Inc.*, 2004 WL 2806175, *6-7 (N.D. Cal. 2004) (explaining that no court has recognized a separate cause of action for an employer's failure to take remedial action pursuant to FEHA, Cal. Gov't Code section 12940(j) because the goal is explicitly achieved under FEHA, Cal. Gov't Code section 12940(k)). Thus, this Court should strike the following language from Plaintiff's Complaint:

- "and/or Remedy", line 19, page 1, in the description of Plaintiff's claims;
- "and/or Remedy", line 1, page 9;
- "and/or remedy", line 7, page 9; and
- "and remedy", lines 11 and 12, page 9.

## V.   CONCLUSION

For the foregoing reasons, the Court should dismiss Defendants Ulta, Inc. and Ulta Beauty Cosmetics, LLC. In addition, the Court should dismiss Plaintiff's Complaint in its entirety, or, in the alternative, each cause of action alleged therein, for failure to state any claim on which relief can be granted. Finally, this Court should strike all references to "remedy" in Plaintiff's claim for failure to investigate in violation of the FEHA.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS AND STRIKE, MPA ISO

18.

CASE NO.  4:18-CV-06969-DMR

1

Dated:  November 23, 2018

2

3
/s/ Courtney M. Osborn

4
KAI-CHING CHA
COURTNEY M. OSBORN

5
LITTLER MENDELSON, P.C.

6
Attorneys for Defendants

7
ULTA, INC., ULTA SALON, COSMETICS,
& FRAGRANCE, INC., ULTA BEAUTY
COSMETICS, LLC

8

9
FIRMWIDE:160069463.2 059310.1138

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

DEFENDANTS' NOTICE OF MOTION,
MOTION TO DISMISS AND STRIKE, MPA
ISO

19.

CASE NO.  4:18-CV-06969-DMR